UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-157-KDB

| | |
|---|---|
| MAURICE D. RIVERS, ) | |
| Plaintiff, ) | |
| vs. ) | |
| THE UNITED STATES, ) | **ORDER** |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1]. Also pending are the Plaintiff's requests for the appointment of counsel [Doc. 3] and for a preliminary injunction or temporary restraining order [Doc. 4].[1] The Plaintiff is proceeding in forma pauperis. [Doc. 8].

## I. BACKGROUND

The pro se Plaintiff filed this action while he was a pretrial detainee at the Iredell County Jail in Statesville, North Carolina.[2] He purports to file this action under federal question and diversity jurisdiction under the "Universal Declaration of Human Rights Articles 1-30." [Doc. 1 at 3, 6]. He has named the United States as the sole Defendant. [Id.]. He alleges that: the North Carolina Department of Social Services removed him from his mother's home in 1993; he was placed in a psychiatric hospital from 1993 to 1994 where he was medicated then he was released

---

[1] The Plaintiff is reminded that he must comply with all procedural requirements and the Court's Orders by, *inter alia*, signing his pleadings and requesting relief by filing a "Motion" with the Court. See, e.g., Fed. R. Civ. P. 11; [June 26, 2024 Text-Only Order of Instructions]. Any future filings that are not signed, are not titled as "Motions," or are otherwise deficient, may be stricken and will not receive a response from the Court.

[2] The Plaintiff's present address is at the Mecklenburg County Jail.

without a treatment plan; this resulted in an addiction to illicit drugs that has spanned more than 30 years; the Plaintiff began committing crimes as a drug abuser; and North Carolina should be held accountable. [Id. at 7-8]. For relief, the Plaintiff seeks "full permanent disability status for a chronic developmental disability;" 30 years of back pay; a voucher for a home and land; a vehicle; and a bank account.[3] [Id. at 4, 8-9].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Complaint fails to satisfy the most basic pleading requirements. See Fed. R. Civ. P.

---

[3] It is unclear, at this juncture, whether this action is duplicative of another § 1983 action filed by the Plaintiff, Case No. 5:24-cv-156-KDB.

2

8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff does not make any allegations against the United States – the sole Defendant – and his allegations are so bizarre that the Court is unable to determine, at this juncture, whether it has jurisdiction over this action. As such, the Complaint will be dismissed without prejudice.

The Plaintiff requests the appointment of counsel to assist him in this litigation.[4] There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." Id. at *5. Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at *4 (quoting

---

[4] To the extent that the Plaintiff seeks relief in other cases, it is improper for him to attempt to do so in the instant case; he must file any such requests in those other actions.

Whisenant, 739 F.2d at 162).

In this case, however, the Plaintiff has not yet even demonstrated that this claim will pass initial review, much less that it has potential merit. Until that has been shown, the Court cannot assess the complexity of the claim or what skill may be required to prosecute the same. Therefore, at this stage, the Plaintiff has failed to meet any of the requirements for establishing exceptional circumstances necessitating the appointment of counsel.

The Plaintiff also seeks a preliminary injunction and a temporary restraining order against a list of "suspects" who are not named as defendants in this case. [Doc. 4 at 4]. He claims that, without the Court's intervention: his financial information will be manipulated and altered; he will be defamed and slandered; his business associations and likeness will be used; videos may be broadcast that contain the Plaintiff's name; communications may occur regarding Plaintiff's lawsuits; any last will and testament, or social media posts, naming the Plaintiff as a beneficiary may be altered.

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that

4

an injunction is in the public interest. Id. at 20.

The Plaintiff's request for preliminary injunctive relief is nonsensical and frivolous and the Complaint has not passed initial review. The Plaintiff has failed to demonstrate the existence of any factors that would warrant a temporary restraining order or preliminary injunction and, accordingly, his request will be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

The Plaintiff's requests for counsel and for a temporary restraining order/preliminary injunction are denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.
2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

3. The Plaintiff's requests for the appointment of counsel [Doc. 3] and for preliminary injunctive relief [Doc. 4] are liberally construed as Motions and they are **DENIED**.

The Clerk is respectfully instructed to mail the Plaintiff a blank prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: September 4, 2024

Kenneth D. Bell
United States District Judge