UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-157-KDB

| | |
|---|---|
| MAURICE D. RIVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 13]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I. BACKGROUND**

The pro se Plaintiff filed this action while he was a pretrial detainee at the Iredell County Jail.[1] The Court dismissed the Complaint on initial review and granted Plaintiff the opportunity to file a superseding Amended Complaint. [Doc. 10]. The Amended Complaint is now before the Court for initial review. [Doc. 13].

The Plaintiff asserts claims under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Universal Declaration of Human Rights, the Americans with Disabilities Act ("ADA"), and several provisions of North Carolina law including N.C. Gen. Stat. §§ 78-101(a)(1) and 90-87(13). [Doc. 13 at 3, 22]. The Plaintiff names as Defendants, in their official capacities: the United States; Youth Focus Psychiatric Hospital; the federal Department of Health and Human Services ("DHHS"); the North

---

[1] The Plaintiff is presently a prisoner of the State of North Carolina at the Piedmont Correctional Institution.

Carolina Department of Social Services ("DSS"); the DSS Director; and Kamala Harris. [Doc. 13 at 1-3].

The Plaintiff again argues *inter alia* that childhood abuse and the administration of psychotropic medications at a psychiatric hospital in 1993 and 1994 while he was a minor rendered him a disabled "drug dependent person" who requires treatment, and who should not be held responsible for his criminal actions. [Id. at 12, 18-20]. He seeks damages; disabled status as of 1993; "full compensation" including a housing voucher for land in the North Carolina mountains; a Chevy Silverado; and expungement of his criminal record. [Id. at 20-21].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.     DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). A private company is liable under § 1983 "only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted); see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Section 1983 liability cannot be based solely on a theory of respondeat superior. Id.

To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). "[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Moreover, the Eleventh Amendment generally bars lawsuits by citizens against non-consenting states brought either in state or federal courts. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). Although Congress may abrogate the states' sovereign immunity, it has not chosen to do so for claims under 42 U.S.C. § 1983. See

3

Quern v. Jordan, 440 U.S. 332, 343 (1979). Likewise, North Carolina has not waived its sovereign immunity by consenting to be sued in federal court for claims brought under 42 U.S.C. § 1983. See generally Mary's House, Inc. v. North Carolina, 976 F.Supp.2d 691, 697 (M.D.N.C. 2013) (claim under 42 U.S.C. § 1983 barred by sovereign immunity of North Carolina).

A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Bivens' core premise is to deter individual officers' unconstitutional acts. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Dao v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) ("a Bivens action does not lie against either agencies or officials in their official capacity.") (citing Meyer, 510 U.S. at 484-86).

The Plaintiff has not identified any Defendant against whom his Bivens and § 1983 claims can proceed. He names as Defendants the United States, a psychiatric hospital, state and federal agencies, and state and federal officials in their official capacities, none of which are cognizable defendants under § 1983 or Bivens. See generally Will, 491 U.S. at 71; Dao, 306 F.3d at 184; Ballenger, 352 F.3d at 844-45; see, e.g., Grant v. Laurens Police Dep't, 2024 WL 5318826 (D.S.C. Dec. 19, 2024) (dismissing plaintiff's claims against a hospital because it is not a "person" subject to suit under § 1983 and because plaintiff failed to allege facts showing that the hospital is a state

4

actor).[2] The Plaintiff's Bivens and § 1983 claims will, therefore, be dismissed.[3]

The Plaintiff's bare citation to the Universal Declaration of Human Rights is vague, conclusory, and states no plausible claim. [See Doc. 13 at 3]; see generally Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

The Plaintiff also purports to assert claims pursuant to the ADA and North Carolina law. The Plaintiff essentially claims that his placement in a psychiatric hospital more than 30 years ago resulted in drug dependence that rendered him disabled and excuses him from criminal accountability. It appears that the Plaintiff may be attempting to adopt a tactic similar to "sovereign citizen" litigants seeking to challenge the court's jurisdiction over them. "[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." United States v. Ulloa, 511 F. App'x. 105, 106 n.1 (2d Cir. 2013). However, such sovereign citizen claims are frivolous. See United States v. White, 480 F. App'x 193, 195 (4th Cir. 2012) (finding "no merit in [the] claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States"); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (noting that "[r]egardless of an individual's claimed status ... as a 'sovereign

---

[2] Even if the hospital were amenable to suit under § 1983, the Plaintiff has failed to identify any federal right that is alleged to have been violated; nor does he allege that an official policy or custom caused the same. See generally Fed. R. Civ. P. 8(a); Austin, 195 F.3d at 728.

[3] The Court thus declines address additional defects in the Plaintiff's claims, such as the obvious statute of limitations bar.

5

citizen' ... that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily ..."); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting defendant's claim that he was outside the court's jurisdiction as "completely without merit" and "patently frivolous"). These claims are, therefore, dismissed.

The Court concludes that this entire action is frivolous and that no further leave to amend should be granted, as it is clear that no amendment would cure the deficiencies noted herein. See 28 U.S.C. § 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), *abrogated on other grounds by* Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"); United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n. 6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted).

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint once and has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

### IV. CONCLUSION

In sum, the Amended Complaint fails initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 13] fails initial review and this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: January 17, 2025

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge